# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KAREN DAVIDSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **Case No.:** |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| ACCOUNT CONTROL | ) | **JURY TRIAL** |
| TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

KAREN DAVIDSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ACCOUNT CONTROL TECHNOLOGY, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3.     Defendant conducts business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in East Boston, Massachusetts 02128.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant is a debt collection company with its corporate headquarters located at 5531 Business Park Street, Bakersfield, California 93309.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in an attempt to collect that debt

11.     The debt at issue, a University of Phoenix bill, arose out of transactions primarily for personal, family, or household purposes.

2

12.     Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

13.     Beginning in or around July 2014, and continuing through July 2015, Defendant contacted Plaintiff's cellular telephone on a repetitive and continuous basis in an attempt to collect an alleged debt.

14.     Plaintiff disputes the amount of the debt Defendant was seeking to collect.

15.     Upon initial communication, Plaintiff advised Defendant to stop calling her cellular telephone and that she was unable to make payments because she was on a fixed income as a result of her disability.

16.     Although plaintiff's revocation was heard, Defendant failed to update its records to cease communications, and instead, continued to call Plaintiff almost every day.

17.     Ignoring Plaintiff's inability to pay, Defendant implied that it was calling from an attorney's office, hoping to intimidate Plaintiff into making a payment they knew she could not afford.

18.     Again, Plaintiff advised Defendant that she was unable to make payments.

PLAINTIFF'S COMPLAINT

19.     Defendant called Plaintiff, on average, once a day.

20.     Further, Defendant called Plaintiff at times when it was inconvenient for her to receive collection calls, specifically calling her before 8:00 a.m. and after 9:00 p.m.

21.     Then, in early July 2015, Defendant contacted Plaintiff's sister, asking about her whereabouts and implying that it was regarding an emergency situation.

22.     In an effort to stop the repeated calls, Plaintiff took efforts to block the Defendant's number.

23.     Upon information and belief, Defendant used false, deceptive or misleading representations or means by making statements to scare Plaintiff into making payment on the alleged debt.

24.     Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request validation of the debt, as well as to provide her with the name of the creditor and the amount of the debt.

25.     Defendant's actions as described herein were made with the intent to harass, abuse, deceive and upset Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

26.   Defendant's conduct violated 15 U.S.C. § 1692c(a)(1).

    a.   A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

    b.   Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 a.m. and after 9:00 p.m.

## COUNT II

27.   Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.   A debt collector violates § 1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.   A debt collector violates § 1692d(5) of the FDCPA by causing

5

a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c.   Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff once a day, and continuing to call Plaintiff after being told she did not have the money to pay the alleged debt and to stop calling.

## COUNT III

28.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA.

a.   A debt collector violates § 1692e of the FDCPA by using any false, deceptive or misleading representations or means in connection with the collection of any debt.

b.   A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt.

c.   Here, Defendant violated §§ 1692e and 1692e(10) of the FDCPA by implying it was calling from an attorney's office hoping to intimidate Plaintiff into making a payment they knew she could not afford.

**COUNT IV**

29.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

      a.      A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

      b.      Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after she told them to stop calling and by implying it was an emergency situation when contacting Plaintiff's sister about her whereabouts.

WHEREFORE, Plaintiff, KAREN DAVIDSON, respectfully prays for a judgment as follows:

      a.      All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

7

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KAREN DAVIDSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 12-17-15                    By:  _/s/ Craig Thor Kimmel_____
                                  CRAIG THOR KIMMEL
                                  BBO #662924
                                  Kimmel & Silverman, P.C.
                                  30 E. Butler Pike
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888
                                  Fax: (877) 788-2864
                                  Email:    kimmel@creditlaw.com

8

PLAINTIFF'S COMPLAINT